UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARVIN BRYANT,                               )      Case No. 1:07 CV 372
                                             )
              Petitioner,                     )      JUDGE JAMES S. GWIN
                                             )      Magistrate Judge George J. Limbert
      vs.                                    )
                                             )
STUART HUDSON, Warden,                        )      REPORT AND RECOMMENDATION
                                             )      OF MAGISTRATE JUDGE
              Respondent.                     )

       On February 5, 2007, Marvin Bryant, ("Petitioner"), *pro se*, filed a petition for writ of

habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief

from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas

for two counts of felonious assault and one count of aggravated robbery.  *Id*. at 2.  On August 1,

2007, Warden Stuart Hudson ("Respondent") filed a return of writ and answer to complaint.

ECF Dkt. #7, 8.  On September 11, 2007, Petitioner filed a traverse.  ECF Dkt. #9.  The case was

referred to the undersigned to issue a report and recommendation.  ECF Dkt. #3, 5.  For the

following reasons, the undersigned recommends that the Court DISMISS the instant petition with

prejudice.

## I.      FACTUAL BACKGROUND

       The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct

appeal.  These binding factual findings "shall be presumed to be correct", and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403

(1999).  As set forth by the Eighth District Court of Appeals, the facts are:

              Appellant, Marvin Bryant ("Bryant"), appeals his conviction of
       aggravated robbery and felonious assault, as well as his nine-year prison
       sentence, for stealing money from and shooting the victim after the victim
       failed to pay Bryant for the roof job he performed. The victim met Bryant
       through codefendant, Christopher Worley ("Worley.") Worley was hired to

-1-

assist the victim in his home improvement business. The victim needed assistance with a roof job and contracted with Bryant, upon Worley's recommendation, for $650 to perform the work.

When the roof job was near completion, Bryant contacted the victim looking for his money. The victim informed Bryant that he would be paid out of the proceeds of another completed job. After the roof job was finished, Bryant sought his payment from the victim, but the victim could only reassure Bryant that he would be paid soon. Bryant continued to seek payment and the victim continued to tell him that he would pay him.

Later that month, the victim, while working on another job down the street from Worley's house, saw Worley driving his car toward him. Worley pulled up next to the victim's van and the victim approached Worley to tell him that payment would be made to Bryant the next day. The victim observed that Worley was on his cell phone and believed that he saw a weapon inside Worley's car. Worley handed the cell phone to the victim and told him that Bryant was on the phone. The victim spoke to Bryant, informing him that he would be paid the next day, and Bryant yelled at the victim. The victim handed the cell phone back to Worley and within seconds, a car, driven by a third party, came around the corner and stopped suddenly in front of the victim. Bryant stepped out of the passenger side door with a gun, told the victim he wanted his money, and clicked the gun twice while pointing the gun at the victim. As the victim tried to step back, Bryant slapped him in the face, pointed the gun at his head, shot him in the leg, and used the gun to point at his pockets so that the victim would empty them. Once Bryant obtained money from the victim, Bryant and Worley drove off.

ECF Dkt. #8, Ex. 8 at 2-3.

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

On January 21, 2004, the Cuyahoga County, Ohio Grand Jury issued an indictment charging Petitioner with: (Count 1) aggravated robbery, in violation of Ohio Revised Code ("O.R.C.") § 2913.01, with two firearm specifications pursuant to O.R.C. §§ 2941.141, 2941.145; (Counts 2 and 3) two counts of felonious assault, in violation of O.R.C. § 2903.11, with two firearm specifications pursuant to O.R.C. §§ 2941.141, 2941.145; (Count 4) having a weapon while under disability, in violation of O.R.C. § 2923.13; and (Count 5) attempted murder, in violation of O.R.C. §§ 2923.02, 2903.02, with two firearm specifications pursuant to O.R.C. §§ 2941.141, 2941.145.  ECF Dkt. #8, Ex. 1.

On November 29, 2004, the Cuyahoga County Court of Common Pleas bifurcated Petitioner's case; Count 4 was to proceed to a bench trial and Counts 1,2,3, and 5 were to

proceed to a jury trial.  ECF Dkt. #8, Ex. 2.  At Petitioner's jury trial, he was convicted of Count 1, aggravated robbery, with both firearm specifications and Counts 2 and 3, felonious assault, with both firearm specifications.  ECF Dkt. #8, Ex. 3.  The trial judge found Petitioner guilty of Count 4, possession of a firearm while under a disability.  *Id*.  The jury found petitioner not guilty of Count 5, attempted murder.  *Id*.  On December 17, 2004, the trail judge sentenced Petitioner to 6 years of imprisonment, with a 3 year consecutive sentence for the firearm specification for a total of 9 years of imprisonment.  ECF Dkt. #8, Ex. 4.

### B.    First Direct Appeal to the Court of Appeals

On January 19, 2005, Petitioner, through counsel, filed a notice of appeal from the Court of Common Pleas' judgment of conviction.  ECF Dkt. #8, Ex. 5.  On May 13, 2005, Petitioner, through counsel, filed an appellate brief in the Ohio Court of Appeals for the Eighth District alleging eight assignments of error:

I.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED A SEPARATE TRIAL

II.     DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND CROSS-EXAMINATION WHEN THE COURT ALLOWED A POLICE OFFICER TO RELATE INFORMATION GIVEN BY OTHER INDIVIDUALS.

III.    DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE INVESTIGATING DETECTIVE WAS PERMITTED TO TESTIFY CONCERNING HER OPINION AS TO DEFENDANT'S GUILT.

IV.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT ENFORCE THE SEPARATION OF WITNESS ORDER.

V.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS DENIED HIS RIGHT OF CROSS-EXAMINATION BY NOT BEING FURNISHED THE WRITTEN STATEMENT OF FREDERICK WARD

VI.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT INSTRUCTED ON FLIGHT.

VII.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL

VIII.   DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS WHEN HE WAS SENTENCED BASED ON FACTORS NOT ALLEGED IN THE INDICTMENT NOR FOUND BY THE JURY

ECF Dkt. #8, Ex. 6a.  On January 9, 2006, the Eighth District Court of Appeals held that

Petitioner was procedurally barred from raising his first assignment of error because he never moved the court to grant a separate trial.  ECF Dkt. #8, Ex. 8 at 3-4.  The court held that Petitioner's second assignment of error lacked merit because, although Officer McClain related an out of court identification to the jury,  the victim who made the identification testified at trial, identified Petitioner as the shooter, and provided Petitioner an opportunity for cross examination.  ECF Dkt. #8, Ex. 8 at 4.  The court held that Petitioner's third assignment of error lacked merit because Petitioner's interpretation of the record was incorrect; Petitioner accused Detective Terrance of vouching for the victim, but the detective simply stated that she accurately transcribed what the victim had told her and that the victim verified the transcript's accuracy.  ECF Dkt. #8, Ex. 8 at 5.  The court held that Petitioner's fourth assignment of error lacked merit because the state's witness who was subject to the separation order had only entered the courtroom when the judge was instructing the jury and was not present when any other witness testified.  ECF Dkt. #8, Ex. 8 at 6.  The court held that Petitioner's fifth assignment of error lacked merit because the trial court conducted an *in camera* inspection of the available documents and determined that the victim had not created a written statement.  ECF Dkt. #8, Ex. 8 at 6-7.  The court held that Petitioner's sixth assignment of error lacked merit because the trial judge instructed the jury that Petitioner's flight from the scene in and of itself did not raise a presumption of guilt.  ECF Dkt. #8, Ex. 8 at 7-8.  The court held that Petitioner's seventh assignment of error lacked merit because the state had introduced sufficient evidence to permit a rational trier of fact to conclude that the essential elements of aggravated robbery and felonious assault were proven beyond a reasonable doubt.  ECF Dkt. #8, Ex. 7-10.  Lastly, the court held that Petitioner's eighth assignment of error lacked merit because the trial court's sentence was within the range of available penalties that could be imposed based upon facts that had been determined by the jury.  ECF Dkt. #8, Ex. 8 at 10-11.  Since all eight assignments of error were overruled, Petitioner's conviction was affirmed.  ECF Dkt. #8, Ex. 8.

On December 12, 2005 Petitioner filed an application for reconsideration in the Eighth District Court of Appeals.  ECF Dkt. #8, Ex. 9.  Petitioner argued that the appellate court's reasoning with regard to the second assignment of error was flawed because the court stated

-4-

Officer McClain's testimony was offered only to corroborate the victim's testimony, which is not permissible under the Ohio Rules of Evidence.[1]  ECF Dkt. #8, Ex. 9.  On January 9, 2006, the Eighth District Court of Appeals denied the motion for reconsideration in an unexplained journal entry.  ECF Dkt. #8, Ex. 10.

On December 12, 2007, Petitioner filed a motion for a certification of conflict.  ECF Dkt. #8, Ex. 11.  On January 9, 2006, the Eighth District Court of Appeals denied the motion in an unexplained order.  ECF Dkt. #8, Ex. 12.

### C.    First Direct Appeal to the Supreme Court of Ohio

On February 14, 2006, Petitioner filed a notice of appeals in the Supreme Court of Ohio. ECF Dkt. #8, Ex. 13.  Petitioner's memorandum in support of jurisdiction raised eight propositions of law:

> I.    A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HE IS NOT GRANTED A SEPARATE TRIAL WHERE ANTAGONISTIC DEFENSES WERE PRESENTED.
>
> II.   A DEFENDANT IS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND CROSS-EXAMINATION WHEN THE COURT ALLOWS A POLICE OFFICER TO RELATE INFORMATION GIVEN BY OTHER INDIVIDUALS.
>
> III.  A DEFENDANT IS DENIED A FAIR TRIAL WHEN THE INVESTIGATING DETECTIVE IS PERMITTED TO TESTIFY CONCERNING HER OPINION AS TO THE GUILT OF THE DEFENDANT.
>
> IV.   A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT DOES NOT ENFORCE THE SEPARATION OF WITNESS ORDER.
>
> V.    A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HE IS

---

[1]    Petitioner's brief in support of his motion for reconsideration is confusing because it states that McClain's testimony was "totally admissible" under the Sixth Amendment and the Ohio Rules of Evidence.  ECF Dkt. #8, Ex. 9 at 1.  The body of Petitioner's brief, however, is devoted to showing that the Ohio Rules of Evidence render Officer McClain's testimony *inadmissible*.  Counsel's statement that the testimony was "totally admissible" must have been a typographical error. Additionally, although he referred to a Sixth Amendment claim, counsel did not articulate his Sixth Amendment argument; the brief focuses only on the evidentiary argument.

DENIED HIS RIGHT OF CROSS-EXAMINATION WHEN THE PROSECUTION FAILS TO FURNISH A WRITTEN STATEMENT OF A PROSECUTION WITNESS.

VI.    A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT INSTRUCTS ON FLIGHT.

VII.   A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULES A MOTION FOR JUDGMENT OF ACQUITTAL WHERE THERE IS INSUFFICIENT EVIDENCE TO PERMIT A RATIONAL FACTFINDER TO RETURN A VERDICT OF GUILTY.

VIII.  A DEFENDANT IS DENIED HIS RIGHTS UNDER [sic] SIXTH AND FOURTEENTH AMENDMENTS WHEN HE IS SENTENCED BASED ON FACTORS NOT ALLEGED IN THE INDICTMENT NOR FOUND BY A JURY.

ECF DKT. #8, Ex. 14.  On May 17, 2006, the Supreme Court of Ohio remanded Petitioner's case to the trial court for resentencing consistent with *Foster v. Ohio*, 845 N.E.2d 470 (Ohio 2006).[2] ECF DKT. #8, Ex. 15.

### D.    Resentencing

On August 31, 2006, the Cuyahoga County Court of Common Pleas held a resentencing hearing.  ECF Dkt. #8, Ex. 27.  The trial judge imposed the same sentence: 6 years of imprisonment, with a 3 year consecutive sentence for the firearm specification for a total of 9 years of imprisonment.  *Id*.

### E.    Rule 26(b) Motion to Reopen Appeal

On March 13, 2006, while his direct appeal was pending in the Supreme Court of Ohio, Petitioner filed a *pro se* motion for an extension of time to file an Ohio Rule of Criminal Procedure 26(b) motion to reopen his appeal ("Rule 26(b) Motion").  ECF Dkt. #8, Ex. 17.  On March 16, 2006, the court denied Petitioner's motion for an extension of time.  ECF Dkt. #8, Ex. 18.

On March 27, 2006, Petitioner filed a Rule 26(b) Motion alleging ineffective assistance

---

[2]    The Supreme Court of Ohio held in *Foster* that portions of Ohio's sentencing code violated the Sixth Amendment under *Blakely v. Washington*, 542 U.S. 296 (2004).  *Foster*, 845 N.E.2d 470.  Consequently, the court severed the unconstitutional portions of the sentencing code pursuant to *U.S. v. Booker*, 543 U.S. 220 (2005).  *Foster*, 845 N.E.2d at 496-99.

of appellate counsel for three reasons:

> I.  APPELLATE COUNSEL ERRED AND FAILED TO ADDRESS THE TRIAL COURT LACKED [sic] JURISDICTION TO CONVICT AND SENTENCE THE APPELLANT WHEN HE WAS NOT AFFORDED COUNSEL WITHOUT A VALID WAIVER PURSUANT TO CRIMINAL RULE 44.

> II.  APPELLATE COUNSEL FAILED TO PROVIDE A CLAIM ADDRESSING A CLEAR VIOLATION OF THE CRIMINAL RULES WHEN THE TRIAL COURT FAILED IN PRESERVING THE IN CAMERA DOCUMENT FOR APPELLATE REVIEW.

> III.  APPELLATE COUNSEL FAILED TO ADDRESS CLEAR ERROR AND PREJUDICE AGAINST THE DEFENDANT-APPELLANT WHEN COUNSEL DID NOT ADDRESS THE WEIGHT OF THE EVIDENCE [sic] DOES NOT SUPPORT THE ROBBERY AND FIREARM SPECIFICATION CONVICTION.

ECF Dkt. #8, Ex. 19.  On August 4, 2006, the Court of Appeals denied Petitioner's Rule 26(b) Motion.  ECF Dkt. #8, Ex. 20.  The court stated that Petitioner's arguments were barred by the doctrine of *res judicata* because the issues were raised or could have been raised in Petitioner's appeal to the Supreme Court of Ohio.  *Id.*  Further, the court found Petitioner's arguments to be moot because the Supreme Court of Ohio had remanded the case to the trial court.  *Id.*

**F.    Petitioner's Appeal of the Rule 26(b) Motion to the Supreme Court of Ohio**

On September 18, 2006, Petitioner filed a notice of appeal from the appellate court's denial of the Rule 26(b) Motion.  ECF Dkt. #8, Ex. 22.  Petitioner raised one proposition of law in the Supreme Court of Ohio:

> I.  THE COURT OF APPEALS DENIED APPELLANT'S (BRYANT'S) DUE PROCESS [sic] WITHOUT AFFORDING BRYANT [sic] TO ADDRESS ERRORS OF LAW WHEN APP. R. 26(b) WAS DENIED HOLDING THE ERRORS SHOULD HAVE BEEN PRESENTED IN BRYANT'S DIRECT APPEAL.

ECF Dkt. #8, Ex. 23.  On November 29, 2006, the Supreme Court of Ohio dismissed the case in an unexplained order.  ECF Dkt. #8, Ex. 25.

**G.    Second Direct Appeal to the Court of Appeals**

On October 2, 2006, Petitioner filed a notice of appeal from the Cuyahoga County Court of Common Pleas' judgment at resentencing.  ECF Dkt. #8, Ex. 30.  On December 28, 2006, the

Eight District Court of Appeals dismissed Petitioner's appeal *sua sponte* for his failure to file the record.  ECF Dkt. #8, Ex. 35.

### H.    Subsequent State Appeals

Respondent claims that, as of July 27, 2007, there is no evidence to indicate Petitioner filed an appeal to the Supreme Court of Ohio following the Court of Appeals' dismissal of the case for review of the resentencing judgment.  ECF Dkt. #8 at 8; *see* ECF Dkt. #8, Ex. 37.

### I.    Federal Habeas Corpus Petition

On February 5, 2007, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner presents nine grounds for relief:

I.    A Defendant is denied due process of law when he is not granted a separate trial where antagonistic defense were presented.

II.   A Defendant is denied his consitution [sic] right of confrontation and cross-examination when the court allows a police officer to give testimony by other individuals.

III.  A Defendant is denied a fair trial when an investigation detective is permitted to testify concerning her opinion as to the guilt of the defendant.

IV.   A Defendant is denied due process of law when the court does not enforce the separation of witness order.

V.    A Defendant is denied due process of law when he is denied his right of cross-examination when the prosecution fails to furnish a written statement of a prosecution witness.

VI.   A Defendant is denied due process of law when the court instructs on flight.

VII.  A Defendant is denied due process of law when the court overrules a motion for judgement of acquittal where there is insufficient evidence to permit a rational fact-finder to return a verdict of guilty.

VIII. A Defendant is denied his right under Sixth and Fourteenth Amendments when he is sentenced based on factors not alleged in the indictment nor found by a jury.

IX.   A Defendant counsel [sic] failed to provide a claim addressing a clear violation of the criminal rules 16 [sic] when the trial court failed in preserving the in camera [sic] for review.

-8-

ECF Dkt. #1. On August 1, 2007, Respondent filed a return of writ. ECF Dkt. #7, 8. On September 11, 2007, Petitioner filed a traverse. ECF Dkt. #9.

## III.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. *See* ECF Dkt. #1, 7, 8, 9. Respondent contends, however, that Petitioner's claims are barred for a failure to exhaust state court remedies and for procedural default. ECF Dkt. #8 at 10-32.

### B.   Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must

present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue that was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court

-10-

has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;

(3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v.*

-11-

*Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). A state's *res judicata* rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

-12-

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  The above standards apply to the Court's review of Petitioner's claims.

## IV.    STANDARD OF REVIEW

_____If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 5, 2007, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of

-13-

> materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

     A.     Decisions of lower federal courts may not be considered.

     B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.

     C.     The state court decision may be overturned only if:

          1.     It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' (the Supreme Court precedent must exist at the time of petitioner's direct appeal) or;

          2.     the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

          3.     'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

          4.     the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

-14-

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

_____Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

-15-

## V.    ANALYSIS

Based upon the applicable standards of review, the undersigned recommends that the Court dismiss the instant petition, with prejudice, for the following reasons:[3]

### A.    Ground One of the Petition is Barred by Procedural Default

Respondent contends that Petitioner's First Ground of relief is procedurally barred because he failed to move for severance of the defendants in the trial court.  ECF Dkt. #8 at 17-19.  Respondent's assertion is correct, as the following analysis shows.  The first and second prongs of *Maupin* are satisfied because Petitioner failed to comply with an applicable procedural rule, and the Ohio Court enforced the rule.  The Ohio Rules of Criminal Procedure require a defendant to file a motion for severance from a co-defendant prior to trial.  Ohio R. Crim. P. 12(C)(5).  In the State of Ohio's last explained opinion, the Eighth District Court of Appeals held that Petitioner had failed to move for severance in the trial court and was, therefore, procedurally barred from raising the issue.  ECF Dkt. #8, Ex. 8 at 3-4.  Based on a review of the trial transcripts, the undersigned concludes that Petitioner did not move for severance from his co-defendant.  Petitioner's co-defendant, Christopher Worley, did move for severance.  ECF Dkt. #8, Ex. 29 at 4-9, 16-19.  Worley's objection, however, does not act to preserve the issue for Petitioner's appeal.  *See* ECF Dkt. #8, Ex. 8 at 3-4.

The third prong of *Maupin* is satisfied because *res judicata* is an adequate and independent state ground for procedural due process purposes.  *White*, 431 F.3d at 527; *Mason*, 320 F.3d at 628.

The fourth prong of *Maupin* is satisfied because Petitioner does not allege cause for failing to comply with Ohio's procedural requirements.  *See* ECF Dkt. #1, 9.  Therefore, the

---

[3]    The undersigned finds all nine grounds for relief to be procedurally barred or to lack merit.  Therefore, the undersigned will forego analysis of Respondent's claim that the entire petition should be dismissed for Petitioner's failure to exhaust available remedies with respect to his Eighth Ground for relief.  *See Granberry*, 481 U.S. at 135.

-16-

undersigned recommends dismissing the Ground One, with prejudice, on the basis of procedural default.

### B.     Ground Two of the Petition Lacks Merits

Petitioner claims his right to confront an adverse witness was violated when Detective McClain related the content of Frederick's Ward's statement.  ECF Dkt. #1 at 11-12.  Ground Two of the Instant petition lacks merit because Petitioner had an opportunity to cross-examine the victim.  This issue is governed by the Sixth Amendment of the Constitution, which provides: "In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him. . ."  U.S. Const. Amend. VI.

Based upon a review of the trial transcript, the undersigned has determined that the victim, Frederick Ward, testified and identified Petitioner as the person who shot him.  ECF Dkt. #8, Ex. 29 at 292-302.  Petitioner claims that his Sixth Amendment confrontation right was violated when Officer McClain testified that he had learned the identity of the suspect through a conversation with Ward.  ECF Dkt. #1 at 11.

Petitioner's argument fails because his right to confront Ward was satisfied when Ward testified at trial.  When a declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.  *Crawford v. Washington*, 541 U.S. 36, n. 9 (2004) citing *California v. Green*, 399 U.S. 149, 162,(1970); *U.S. v. Green*, No. 04-1499, 125 Fed.Appx. 659, 662, 2005 WL 602697, *2 (6th Cir. Mar. 15, 2005), unreported (affirming a conviction where a 911 tape was introduced at trial, but the declarant testified at trial and was available for cross-examination).  Consequently, the undersigned recommends dismissing Ground Two, with prejudice, due to a lack of merit.

### C.     Ground Three of the Petition Lacks Merit

Petitioner's Third Ground for Relief appears to raise two issues: (1) whether Detective Terrance's testimony violated Petitioner's Sixth Amendment right to confront an adverse witness (Frederick Ward); and (2) whether Detective Terrance's testimony violated Petitioner's right to a

-17-

fair trial.[4]  Both grounds lack merit.

In regard to his right to confront the witness, Petitioner states that Detective Terrance was permitted to relate Ward's entire statement .  ECF Dkt. #1 at 12.  As discussed in subsection B above, Petitioner's right to confront Frederick Ward was satisfied when Ward testified.  *See Crawford*, 541 U.S. at n. 9 citing *California v. Green*, 399 U.S. at 162; *U.S. v. Green*, 2005 WL 602697 at *2.  Even assuming Detective Terrance related the content of an out of court statement in her testimony in violation of the hearsay rule, Petitioner's argument still fails for the following reasons.  Federal habeas corpus review of evidentiary rulings based on state law is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir.), cert. denied, 127 S. Ct. 589 (2006). Questions concerning the admissibility of evidence are generally governed by state law and do not raise a federal constitutional issue, absent a showing that the asserted error infringed a specific constitutional guarantee.  *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.1987); *Bell v. Arn*, 536 F.2d 123, 125 (6th Cir.1976).  An issue concerning the admissibility of evidence or error in state procedure does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial.  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004); *see also Apanaovitch v. Houk*, 466 F.3d 460, 487 (6th Cir. 2006); *Giles*, 449 F.3d at 704. To determine whether the admission or inadmissibility of evidence has denied a defendant's fundamental due process rights, the court should consider the extent to which the evidence is "critical" to the case, whether it "tend[s] to exculpate" the accused, and whether the evidence bears "persuasive assurances of trustworthiness." *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994) quoting *Chambers v. Mississippi*, 410 U.S. 284, 297 and 302 (1973). *Accord Schoenberger v. Russell*, 290 F.3d 831, 835-36 (6th Cir. 2002) (witness "vouching" and "other acts" evidence); *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001) ("other acts"

---

[4]     Petitioner's stated Third Ground for Relief does not mention a Confrontation Clause violation, but his argument focuses on the Confrontation Clause and the hearsay rule, as well as the issue of whether a witness can offer an opinion as to the veracity of another witness.  *See* ECF Dkt. # 1 at 12-15.  The undersigned will give Petitioner the benefit of the doubt and assume he intended to raise both issues.

evidence).

In this case, Petitioner has made no showing of an infringement on a specific constitutional guarantee.  Moreover, the undersigned finds that the admissibility of Ward's out of court statements through Detective Terrance's testimony cannot be considered so egregious that the petitioner was denied a fundamentally fair trial because Ward himself testified.  Detective Terrance's testimony repeating the same statements cannot be considered "critical" to the case because it had already been elicited through the declarant himself at trial.  Consequently, this Court cannot review the trial court's ruling on the hearsay objection.

Petitioner's assertion that his right to a fair trial was violated when Detective Terrance testified as to his opinion of Ward's veracity lacks merit because the factual basis of Petitioner's claim is erroneous.  Petitioner claims that Detective Terrance was permitted to testify that Ward's statement was "reflective of the truth as it now known [sic] to her (Detective Terrance)."  ECF Dkt. #1 at 13 (citing Trial Transcript at 470).  The undersigned has reviewed the pertinent portion of the transcript:

Q.[Mackin]

      Can you describe how you take a written statement?

A. [Terrance]

      I, you know, go over – talk to the complainant, ask him what happened, and they basically tell me their story and I type out some questions and their responses to those questions.

Q.     And during the interview, do you take notes?

A.     No, I don't take notes for the interview.  I just type what I am asking them.

Q.     And when you're finished, finished taking the statement, what do you do with the statement?

A.     I have the complainant read it to make sure it sounds – you know, that it is the story that they told me, that everything is true, and I have them sign the

-19-

statement.

ECF Dkt. #8, Ex. 29 at 470.  The undersigned interprets the foregoing statements to mean that Detective Terrance has a routine process of transcribing a witness interview, and part of that process involves the *witness* verifying the truthfulness of the statements he or she has made. Therefore, Detective Terrance's testimony did not import her personal opinion as to the truthfulness of Ward's statement.  For the foregoing reasons, the undersigned recommends dismissing Petitioner's Third Ground for Relief, with prejudice, as factually ill-founded and lacking merit.

### D.     Ground Four of the Petition Lacks Merit

Petitioner asserts that this right to a fair trial was violated when the trial court refused to enforce a separation of witnesses order and exclude Marcus Jackson's testimony.  ECF Dkt. #1 at 15-17.  His claim lacks merit for two reasons: (1) he does not allege a specific factual basis for a constitutional violation; and (2) he does not present sufficient evident to establish that exclusion of the witness's testimony was necessary.

The issue of Jackson's presence in the court room is a matter of state law dictated by Ohio Rule of Evidence 615(A).[5]  Again,  questions concerning the admissibility of evidence — in this instance, the admissibility of Jackson's testimony — are generally governed by state law and do not raise a federal constitutional issue, absent a showing that the asserted error infringed a specific constitutional guarantee.  *Oviedo*, 809 F.2d at 328; *Bell*, 536 F.2d at 125

A review of the record and Petitioner's filings shows that Petitioner has failed to establish

---

[5]     Except as provided in division (B) of this rule, at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. An order directing the "exclusion" or "separation" of witnesses or the like, in general terms without specification of other or additional limitations, is effective only to require the exclusion of witnesses from the hearing during the testimony of other witnesses. Ohio R. Evid. 615(A).

a violation of Ohio Rule of Evidence 615(A); therefore, he also falls short of establishing a constitutional violation..  At the trial, Petitioner moved for the court to exclude Marcus Jackson from testifying because he had been present in the court room "most of the morning and has heard apparently the instructions to the jury and whatnot."  ECF Dkt. #8, Ex. 29 at 247.  The State responded that Jackson had only entered the courtroom at the end of the judge's instruction to the jurors about what they should do upon leaving the courtroom from voir dire.  *Id*. at 248.  The trial judge stated "I do recall when he came into the courtroom and when he addressed Mr. Mackin and when he left the room.  He wasn't here for very long and nothing of any significance was discussed or said during the voir dire.  It didn't get detailed at all."  *Id*. at 249-50.  The undersigned has reviewed the pertinent portion of the record and determined that, aside from the trial judge's and the attorney's accounts of Jackson's presence in the court room, there is no indication as to when he arrived and when he left.  *See* ECF Dkt. #8, Ex. 29 at 147 -250.  The undersigned therefore concludes that Jackson was not present during the testimony of any witness.

Additionally, Petitioner has failed to identify a specific constitutional guarantee that has been violated.  Petitioner has not identified any testimony Jackson overheard or how Jackson's presence in the courtroom prejudiced him in a manner that violated a constitutional right.  Consequently, Ground Four should be dismissed with prejudice.

### E.    Ground Five of the Petition Lacks Merit

Petitioner's assertion that his right to due process was violated when he was denied access to Ward's written statement lacks merit because Petitioner has failed to present any evidence to rebut the presumption of correctness owed to the trial court.  *See* 28 U.S.C. §2254(e)(1); *Warren*, 161 F.3d at 360-61.  Petitioner asserts that Ward testified "in no uncertain terms that he gave a written statement to the police when he was interviewed."  ECF Dkt. #1 at 16.  The trial court, however, conducted an *in camera* inspection of the State's police file and determined that no written statement from Ward existed.  ECF Dkt. #8, Ex. 8 at 7, Ex. 29 at 320-326.  The trial judge stated "I did an *in camera* review of the documents that the detective has

-21-

handed to me.  There is no handwritten statement in there by Frederick Ward."  ECF Dkt. #8, Ex. 29 at 325.  Petitioner has presented no evidence, aside from his interpretation of the trial record, to rebut the trial court's factual finding that no written statement from Ward existed.  *See* ECF Dkt. #1 at 16.  Consequently, he has failed to show by clear and convincing evidence that the state trial court's factual finding was incorrect.  As such, the Court should afford deference to the trial court's determination and dismiss Ground Five with prejudice.

### F.      Ground Six of the Petition Lacks Merit

Petitioner's assertion that the trial court's instruction on flight violated his due process rights[6] lacks merit because the trial court gave a proper flight instruction indicating that evidence of flight in and of itself does not raise a presumption of guilt.

In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Hardaway v. Withrow*, 305 F.3d 558, 565 (6th Cir. 2002); *Buell v. Mitchell*, 274 F.3d 337, 355 (6th Cir. 2001).  Thus, "only if 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' can [the federal habeas] court grant a writ." *Baze v. Parker*, 371 F.3d 310, 327 (6th Cir. 2004) quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); see also *Poindexter v. Mitchell*, 454 F.3d 564, 586 (6th Cir. 2006).  The Supreme Court noted in *Estelle*, that "we also bear in mind our previous admonition that we 'have defined the category of infractions that violate "fundamental fairness" very narrowly,'" *Estelle*, 502 U.S. at 72-73 quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

---

[6]      Petitioner does not specify which due process right has been violated, the undersigned will assume he is referring to the right to a presumption of innocence since he is challenging a jury instruction on inferences that may be drawn from flight.  *See In re Winship*, 397 U.S. 358 (1970).

-22-

An instruction is invalid if it can be viewed by the jury as shifting the burden of proving an element of the case onto the defendant, as when it instructs the jury to presume that a person intends to commit the natural, ordinary and usual consequences of his voluntary actions. *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979).  The Sixth Circuit noted in *Coe v. Bell*, 161 F.3d 320, 332 (6th Cir. 1998), that the use of permissive language (specifically the term "may") in an instruction does not impose a presumption on a jury:

> In *Francis v. Franklin*, 471 U.S. 307, 313-14 (1985), the Supreme Court drew a distinction between "mandatory" inferences, which are problematic, and permissive ones, which are not. The language here [, "may be considered,"] is unambiguously permissive.

*Coe*, 161 F.3d at 332 (internal citations omitted).

In this case, the trial judge instructed the jury with appropriate permissive language  as follows:

> Flight of defendants.  There may be evidence in this case tending to indicate that the [sic] defendant Marvin Bryant and/or defendant Christopher Worley fled from the vicinity of the alleged crimes.

> In this connection, *you are instructed that flight in and of itself does not raise a presumption of guilt*, but it may show consciousness of guilt or a guilty connection with the crimes.

> If, therefore, you find that defendant Marvin Bryant and/or defendant Christopher Worley did flee from the scene of the alleged crimes, *you **may** consider this circumstance in the case in determining the guilt or innocence of that defendant*.

ECF Dkt. #8, Ex. 29 at 638-39 (emphasis added).  The trial judge in this case used unambiguous permissive language: "flight in and of itself *does not raise a presumption of guilt*" and "you *may* consider this circumstance."   Since the trial judge did not impose a mandatory presumption,  the instruction did not violate Petitioner's constitutional right to a presumption of innocence. Consequently, Ground Six of the Instant petition lacks merit and should be dismissed with prejudice.

-23-

### G.    Ground Seven of the Petition Lacks Merit

_____Petitioner asserts that the trial court violated his due process rights by denying his motion for judgment of acquittal.  ECF Dkt. #1 at 19-22.  Again, Petitioner fails to identify a specific due process right he believes has been violated, but he cites *Winship* for the proposition that his conviction must be reversed.  *See id*.

_____The rulings by a state's highest court with respect to state law are binding on the federal courts.  *Wainwright v. Goode*, 464 U.S. 78, 84 (1983);  *Smith v. Sowders*, 848 F.2d 735, 739 (6th Cir. 1988).  Furthermore, the Supreme Court has "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 68. The federal courts are also bound by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently.  *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988).  Therefore, to the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which habeas corpus relief may be granted.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Despite the general prohibition against federal habeas corpus review of issues of state law, a claim that the evidence was insufficient to convict a petitioner is cognizable under 28 U.S.C. § 2254.  *See Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).  Because the Due Process Clause "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt," *Fiore v. White*, 531 U.S. 225, 228-29 (2001), "a state law question regarding the elements of the crime predicates the enforcement of [petitioner's] federal constitutional right." *Richey v. Mitchell*, 395 F.3d 660, 672 (6th Cir. 2005).

Sufficient evidence supports a conviction if, after viewing the evidence (and the inferences to be drawn therefrom) in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006) ; *Brown*, 441 F.3d at 351; *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005), cert. denied, 126 S. Ct. 2909 (2006).  "This requires successful

-24-

challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch*, 466 F.3d at 488 citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Obviously, this standard of review does not permit the federal court to make its own subjective determination of guilt or innocence; the standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

An attack on the credibility of witnesses is simply a challenge to the quality of the government's evidence and is not a valid challenge to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *see also Jamieson*, 427 F.3d at 402 ("we may not consider the credibility of witnesses or weigh the evidence").

In the case at bar, Petitioner attempts to establish the trial court's error by arguing that the victim's testimony was not credible because it was inconsistent and he had a motive to lie. ECF Dkt. #1 at 19-22. Pursuant to *Martin*, Petitioner's claim must fail as an attack to the quality of the government's evidence. In considering a claim similar to the one at bar, the Southern District of Ohio noted:

> To the extent that petitioner argues that the trial court improperly denied his motion for judgment of acquittal and thereby raises an issue regarding the violation of state law, again, that issue is not appropriate for federal habeas corpus review and does not provide petitioner the relief he seeks.

*Simpson v. Jackson*, No. 2:06-CV-127, 2007 WL 2286242, *15 (S.D. Ohio Aug. 06, 2007), unreported citing 28 U.S.C. 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). As Respondent notes, in the case at bar, the Eighth District Court of Appeals meticulously reviewed the statutory elements for the criminal offenses of Aggravated Robbery, Having a Weapon While Under Disability, and Felonious Assault, and the court found there was sufficient evidence to sustain Petitioner's conviction. ECF Dkt. #8 at 31 citing ECF Dkt. #8, Ex. 8 at 9-10.

Consequently, Petitioner's request for this Court to reevaluate the evidence elicited at trial is inappropriate and should be denied, and the Seventh Ground for Relief should be dismissed with prejudice.

### H.     Ground Eight of the Petition Lacks Merit

Petitioner asserts that his sentence violates the Sixth Amendment as interpreted by *Blakely v. Washington,* 542 U.S. 296 (2004).  Petitioner's argument lacks merit because his sentence was within the range of possible penalties that could be imposed based upon the jury's findings.

As a preliminary matter, it is necessary to review the substantive Sixth Amendment case law that is applicable to Petitioner's case.  In *Apprendi v. New Jersey*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. 466, 490 (2000).  In 2004, the U.S. Supreme Court decided *Blakely v. Washington* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts.  542 U.S. 269, 303 (2004).  On February 27, 2006, the Supreme Court of Ohio consolidated four criminal cases in an opinion styled *State v. Foster* and held that portions of Ohio's sentencing statutes were unconstitutional pursuant to *Blakely*.  845 N.E.2d  470 (Ohio 2006).

The Eight District Court of Appeals noted in this case that Petitioner has been sentenced within the range of available penalties for the crimes for which he was convicted.  ECF Dkt. #8, Ex. 8 at 10-11.  In this case, the trial judge sentenced Petitioner to a 6 year term for each first and second degree felony charged in Counts 1-3 of the Indictment and 12 months for Count 4 (a felony of the fifth degree), all to be served concurrently.  ECF Dkt. #8, Ex. 4.  The Ohio Revised Code allows for a sentence of 3-10 years for felonies of the first degree, 3-8 years for felonies of the second degree, and 6-12 months for felonies of the fifth degree.  O.R.C. §§ 2929.14(A)(1),

(A)(2), (A)(5).  The trial judge considered Petitioner's prior convictions and Petitioner's danger to the public as sentencing factors.  *Id.*  Both of those considerations are appropriate under the Sixth Amendment.  *Apprendi,* 542 U.S. at 303; U.S. v. *Leachman*, 309 F.3d 377, 382-83 (6th Cir. 2002) (Under *Apprendi*, any fact that increases or imposes a statutory minimum is a sentencing factor, not an element of the crime, which may be found by the judge, not the jury).

Additionally, the trial judge imposed a 3 year consecutive sentence enhancement for the firearm specifications that the jury had found applicable in counts 1-3.  ECF Dkt. #8, Ex. 4.Ohio Revised Code Section 2929.14(D)(1)(a)(ii) requires this sentence enhancement when the jury makes such a factual finding.

The standard for reviewing a sentence imposed by a trial judge is one of reasonableness. *See U.S. v. Booker*, 543 U.S. 220, 261-65 (2005).  A trial judge is entitled to a presumption of reasonableness for imposing a sentence within the sentencing guidelines.  *See Rita v. U.S.*, 127 S.Ct. 2456, 2462-2468 (2007).  Petitioner has not presented any evidence to rebut the presumption of reasonableness.  Since Petitioner was not sentenced in excess of the statutory maximum, *Apprendi* and *Blakely* do not apply, and his Sixth Amendment right to a trial by jury has not been violated.

In an unexplained order, the Supreme Court of Ohio remanded Petitioner's case for resentencing pursuant to *Foster*.  ECF Dkt. #8, Ex. 15.  The Supreme Court of Ohio's order leaves this Court to speculate what constitutional error, if any, occurred during Petitioner's first sentencing hearing.  It is important to note that the Supreme Court of Ohio has freely remanded cases for resentencing following its decision in *Foster*:

> [T]he principles of waiver do not apply to Foster.
>
> ... **Foster and its progeny created an exception to the doctrine of waiver. Many of the cases the Ohio Supreme Court has remanded pursuant to *Foster* involved post-** *Blakely* **sentencing dates. Yet, the Ohio Supreme Court gave no indication whether** *Blakely* **issues were raised to the trial court. Instead, it has unlimitedly remanded the cases.** *See State v. Moser*, 5th Dist. No. 05CA39, 2006-Ohio-165 (sentencing took place on April 20, 2005); *State v. Bryant*, 9th Dist. No. 22723, 2006-Ohio-517 (sentencing took place on May 9, 2005), *State v. Kendrick*, 2d Dist No. 20965, 2006-Ohio-311 (sentencing took place on March 9, 2005), *State v. Phipps*,

8th Dist. No. 86133, 2006-Ohio-99 (sentencing took place on March 3, 2005); *State v. Hampton*, 10th Dist. No. 04AP-806, 2005-Ohio-7063 (sentencing took place on July 12, 2004), *State v. Herbert*, 3d Dist No. 16-5-08, 2005-Ohio-6869 (sentencing took place on May 24, 2005); *State v. Wassil*, 11th Dist. No.2004-P-0102, 2005-Ohio-7053 (sentencing took place on October 18, 2004); *State v. Cottrell*, 7th Dist. No. 04CO53, 2005-Ohio-6923 (sentencing took place on September 3, 2004). This is just a small representative sample of cases from eight different appellate courts which affirmed sentences in which the defendant was sentenced post- *Blakely*, and in which the Ohio Supreme Court later reversed the sentences and remanded for resentencing under Foster.

The above cited cases contain no clear indication that *Blakely* issues were preserved for review. Yet, a review of the cases seems to indicate that they were not. In both the *Phipps* (Eighth Appellate District) and *Kendrick* (Second Appellate District) cases, it does not appear that *Blakely* issues were raised to the appellate courts. In neither of those decisions is *Blakely* even mentioned. Thus, it appears as if *Blakely* was raised for the first time to the Ohio Supreme Court and yet the Court still reversed and remanded that case for resentencing pursuant to *Foster*.

If that were not enough for this court to conclude that the doctrine of waiver is inapplicable to *Foster* issues, in *Cottrell, Blakely* issues were not raised to the trial court. Yet, the Ohio Supreme Court still reversed and remanded the case for resentencing pursuant to *Foster*. Thus, the Supreme Court's reversal and remanding of *Cottrell* for resentencing based on *Foster* is a clear indication that *Foster* is a special case in which the doctrine of waiver is inapplicable.

Accordingly, considering all the above, we agree with the Sixth Appellate District and hold that the doctrine of waiver is inapplicable to *Foster* issues.

*State of Ohio v. Buchanan*, No. 05 MA 60, 2006 WL 3059911, *6-*8 (Ohio App. 7 Dist. Oct. 26, 2006), unreported (emphasis added).  It appears that the Supreme Court of Ohio has remanded these cases out of an abundance of caution.  Nevertheless, Petitioner was resentenced in accordance with *Foster*.  ECF Dkt. #8, Ex. 27.  At the resentencing hearing, the trial judge reviewed Petitioner's criminal history, and found that the sentence was necessary to protect the public and to adequately punish Petitioner.  ECF Dkt. #12 at 12-14.  The judge sentenced Petitioner to the same term he had initially imposed.  *Id*.  Again, for the reasons discussed above, the undersigned finds that the trial judge did not violate Petitioner's Sixth Amendment right to a jury trial when he considered Petitioner's criminal history and the resulting potential danger to the public as sentencing factors and then sentenced Petitioner within the statutory range.  *See Apprendi,* 542 U.S. at 303; *Leachman*, 309 F.3d at382-83;  *Booker*, 543 U.S. at 261-65; *Rita*, 127

-28-

S.Ct. at 2462-2468.

Consequently, the undersigned recommends dismissing Ground Eight of the Instant petition with prejudice.

## I.  Ground Nine of the Petition Lacks Merit

Petitioner claims that his appellate counsel was ineffective for failing to raise the issue that the trial court violated "The Criminal Rules" by not preserving Frederick Ward's written statement for the appellate record.  ECF Dkt. #1 at 24-26.  Petitioner's claim lacks merit for the following reasons:

Ineffective assistance of counsel exists when the attorney's conduct so undermines the adversarial process that the trial cannot be relied on as having produced a just result.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.  *Id*. Even if an attorney's conduct is found to be unreasonable and prejudicial, the Supreme Court will not find ineffective assistance where a defendant's substantive or procedural rights have not been affected.  *Williams v. Taylor*, 529 U.S. 362, 391-93 (2000); *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)

A defendant is entitled to the effective assistance of counsel in connection with his first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003).  The failure of appellate counsel to raise an issue can amount to constitutionally ineffective assistance.  *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). While appellate counsel need not raise every nonfrivolous issue on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *McFarland*, 356 F.3d at 710; *Joshua*, 341 F.3d at 441; *Buell v. Mitchell*, 274 F.3d 337, 352 (6th Cir. 2001), counsel still must exercise reasonable professional judgment in determining which issues to raise.  *Jones*, 463 U.S. at 753; *Joshua*, 341 F.3d at 441.

The presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented.  *Joshua*, 341 F.3d at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel is not ineffective for failing to raise an issue that lacks merit.  *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *Jones*, 463 U.S. at 751-52 (it is important for appellate counsel to "winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues.");  *Smith v. Murray*, 477 U.S. 527, 536 (1986) (the ability to discern worthy claims from unworthy ones is the "hallmark of effective appellate advocacy.")  The Sixth Circuit has suggested that certain considerations be taken into account in determining whether counsel rendered ineffective assistance on appeal:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

-30-

*Mapes*, 388 F.3d at 191; *McFarland*, 356 F.3d at 711; *Martin v. Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002).  Additionally, "a habeas court may also consider '[p]revailing norms of practice as reflected in American Bar Association standards and the like.'" *Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006) quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), *cert. denied*, 127 S. Ct. 941 (2007) .

With respect to prejudice in the context of ineffective assistance of appellate counsel, the petitioner must show a reasonable probability exists that, except for his counsel's deficient performance, he would have prevailed on appeal.  *Mapes*, 388 F.3d at 194.  While this analysis requires an evaluation of the petitioner's underlying claims, it does not require a decision on these issues, but merely a determination that a reasonable probability exists that the petitioner would have prevailed on appeal.  *Id*.

Here, Petitioner has failed to establish both deficient performance and prejudice because he has not established a factual basis for his claim.  Petitioner claims that the trial court violated Ohio Rule of Criminal Procedure 16(B)(1)(g), which provides:

> Upon completion of a witness' direct examination at trial, *the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating*, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
>
> If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
>
> If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
>
> *Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal*.

Ohio R. Crim. P. 16 (B)(1)(g) (emphasis added).  Petitioner claims that the trial court did not allow defense counsel an opportunity to participate in the *in camera* inspection.  ECF Dkt. #1 at 25-26.

Petitioner, however, points to no evidence in support of that claim.  *See id*.  The trial record indicates that both defense counsel and the State participated while the judge reviewed the documents.  *See* ECF Dkt. #8, Ex. 325-26.  Even if Petitioner's assertion is true, there is no indication in the record that Petitioner's trial counsel, who was a different lawyer from his appellate counsel,[7] ever raised an objection based upon a violation of Rule 16.  Therefore, the claim would have been waived, and appellate counsel's performance cannot be considered unreasonable or prejudicial for not raising the claim.  *See State v. Brewer*, 48 Ohio St.3d 50, 60-61 (Ohio 1989) (Defendant in capital case, who failed to object or move for recording of unrecorded sidebar conferences during trial, and who failed to invoke procedure for reconstructing record, failed to establish any prejudice, and error could be considered waived).  In other words, Petitioner has failed to demonstrate that a reasonable attorney would have raised the issue (deficient performance), and he has failed to demonstrate that the outcome of his appeal would have been any different (prejudicial effect).  As a result, items number (3) and (4) in the *Mapes* court's list of factors show that appellate counsel's performance was adequate because he made a reasonable decision in not raising an issue that had been waived and was clearly weaker than the other 8 issues he chose to raise.

Lastly, as a practical matter, the trial court determined that no written statement existed.  Therefore, it could not have been preserved for appellate review.  This is not a situation where the court reviewed a document, refused to order its disclosure, and failed to preserve the document for appeal. In this case, the court made a finding of fact that the document did not exist.  Petitioner is again asking this court to second guess the trial court's interpretation of the evidence elicited at trial (Ward's testimony that he thought he had given a written statement).  Since Petitioner has only pointed to the trial record and no further evidence, he has fallen short of proving by clear and convincing evidence that the trial court's factual finding was erroneous.

Therefore, the undersigned recommends that the Court dismiss Ground Nine, with prejudice, due to a lack of merit.

---

[7]     Petitioner's trial counsel was Henry DeBaggis.  ECF Dkt. #8, Ex. 29 at 1.  His appellate counsel on initial appeal was Paul Mancino, Jr. ECF Dkt. #8, Ex. 6.

## VI.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find all nine grounds of the Instant petition lack merit.  The undersigned further recommends that the Court dismiss the instant petition with prejudice.


Date: December 5 , 2007                           ___*/s/George J. Limbert*_____
                                                          George J. Limbert
                                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-33-