UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MARVIN BRYANT,                              :      CASE NO. 1:07-CV-372
                                            :
       Petitioner,                          :
                                            :
vs.                                         :      ORDER & OPINION
                                            :      [Resolving Doc. No. 1]
STUART HUDSON, WARDEN,                      :
                                            :
       Respondent.                          :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On February 9, 2007, Petitioner Marvin Bryant ("Bryant") filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. [Doc. 1]. On December 5, 2007, Magistrate Judge George J. Limbert issued a Report and Recommendation that the petition should be denied. [Doc. 14.] Petitioner Bryant filed timely objections to the Magistrate's Report. [Docs. 16, 17].

      For the following reasons, this Court **ADOPTS** the Magistrate's Report and Recommendation and therefore **DENIES** the Petitioner's § 2254 habeas petition.

                    **I. Facts and Procedural History**

      On January 21, 2004, the Cuyahoga County Grand Jury issued an indictment that charged the Petitioner with aggravated robbery with two firearm specifications, two counts of felonious assault with firearm specifications, having a weapon while under disability, and attempted murder. [Doc. 8-1.] The Petitioner pled not guilty to all charges and the case proceeded to a jury trial. On December

Case No. 1:07-cv-372
Gwin, J.

3, 2004, the jury found Petitioner Bryant guilty of aggravated robbery with two firearm specifications and two counts of felonious assault with two firearm specifications, and found him not guilty of attempted murder. [Doc 8-3.] In a bifurcated proceeding, the trial court found the Petitioner guilty of having a weapon under disability. *Id.* The Court of Appeals of Ohio, Eighth Appellate District, set forth the facts underlying the Petitioner's conviction[1]:

> Appellant, Marvin Bryant ("Bryant"), appeals his conviction of aggravated robbery and felonious assault, as well as his nine-year prison sentence, for stealing money from and shooting the victim after the victim failed to pay Bryant for the roof job he performed. The victim met Bryant through codefendant, Christopher Worley ("Worley.") Worley was hired to assist the victim in his home improvement business. The victim needed assistance with a roof job and contracted with Bryant, upon Worley's recommendation, for $650 to perform the work.
>
> When the roof job was near completion, Bryant contacted the victim looking for his money. The victim informed Bryant that he would be paid out of the proceeds of another completed job. After the roof job was finished, Bryant sought his payment from the victim, but the victim could only reassure Bryant that he would be paid soon. Bryant continued to seek payment and the victim continued to tell him that he would pay him.
>
> Later that month, the victim, while working on another job down the street from Worley's house, saw Worley driving his car toward him. Worley pulled up next to the victim's van and the victim approached Worley to tell him that payment would be made to Bryant the next day. The victim observed that Worley was on his cell phone and believed that he saw a weapon inside Worley's car. Worley handed the cell phone to the victim and told him that Bryant was on the phone. The victim spoke to Bryant, informing him that he would be paid the next day, and Bryant yelled at the victim. The victim handed the cell phone back to Worley and within seconds, a car, driven by a third party, came around the corner and stopped suddenly in front of the victim. Bryant stepped out of the passenger side door with a gun, told the victim he wanted

---

[1] In a habeas corpus action filed by a petitioner in state custody, factual determinations made by the state court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* This presumption also applies to findings of fact made by a state appellate court based on the trial record. *See Matthews v. Ishee,* 486 F.3d 883, 889 (6th Cir. 2007).

Case No. 1:07-cv-372
Gwin, J.

> his money, and clicked the gun twice while pointing the gun at the victim. As the victim tried to step back, Bryant slapped him in the face, pointed the gun at his head, shot him in the leg, and used the gun to point at his pockets so that the victim would empty them. Once Bryant obtained money from the victim, Bryant and Worley drove off.

[Doc 8-13.] On December 17, 2004, the trial court sentenced the Petitioner to a six-year prison term and a three-year consecutive sentence for the firearm specifications for a total of nine years of incarceration. [Doc. 8-4.]

On January 19, 2005, Petitioner Bryant appealed his conviction, raising eight assignments of error. [Docs. 8-5, 8-6.] On December 12, 2005, Petitioner Bryant filed motions for reconsideration and certification of conflict with the Eighth District Court of Appeals. [Docs. 8-9, 8-11.] On January 9, 2006, the Eighth District Court of Appeals affirmed the Petitioner's conviction and dismissed his pending motions. [Docs. 8-10, 8-12, 8-13.]

On February 14, 2006, Petitioner Bryant appealed to the Supreme Court of Ohio.[2] [Docs. 8-18, 8-19.] On May 17, 2006, the court remanded his case to the trial court for resentencing consistent with *Foster v. Ohio*, 845 N.E.2d 470 (Ohio 2006). [Doc. 8-20.] The Cuyahoga County Court of Common Pleas resentenced the Petitioner to the same nine-year sentence that he had originally received on August 31, 2006. [Doc. 8-27.]

On March 27, 2006, the Petitioner filed a Rule 26(b) motion to reopen his appeal on the grounds of ineffective assistance of appellate counsel, which the Eighth District Court of Appeals denied on August 4, 2006. [Docs. 8-25, 8-26.] On November 29, 2006, the Supreme Court of Ohio

---

[2]While this direct appeal was pending, the Petitioner moved for an extension of time to file a Rule 26(b) motion to reopen his appeal, which the Court of Appeals denied on March 16, 2006. [Docs. 8-23, 8-24.]

Case No. 1:07-cv-372
Gwin, J.

dismissed the Petitioner's appeal of this Rule 26(b) decision in an unexplained order. [Docs. 8-28, 8-31]. On October 2, 2006, the Petitioner filed a direct appeal of his resentencing, which the Eighth District Court of Appeals dismissed for failure to file the record on December 28, 2006. [Docs. 8-46, 8-51.]

On February 9, 2007, the Petitioner filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, *pro se*, in this Court, alleging nine grounds for relief: (1) denial of due process for failure to separate trial where antagonistic defenses were presented; (2) denial of constitutional rights of confrontation and cross-examination based on police officer testimony regarding the victim's statements; (3) denial of a fair trial based on the detective's opinion testimony as to the defendant's guilt; (4) denial of due process for failure to enforce a witness separation order; (5) denial of due process for the prosecution's failure to produce the victim's written statement; (6) denial of due process based on the court's jury instruction on flight; (7) denial of due process based on insufficiency of the evidence; (8) denial of Sixth and Fourteenth Amendment rights based upon improper sentencing; and (9) ineffective assistance of appellate counsel. [Doc. 1.]

On August 1, 2007, the Respondent filed a return of writ. [Docs. 7, 8.] The Petitioner filed a traverse on September 11, 2007. [Doc. 9.] On December 5, 2007, the Magistrate recommended that all nine grounds for relief be denied. [Doc. 14.] After this Court granted an extension of time in which to file objections, the Petitioner objected to the Magistrate's report on each of the nine grounds on February 1, 2008. [Docs. 16, 17.]

### III. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

Case No. 1:07-cv-372
Gwin, J.

1214 (1996) ("AEDPA"), provides the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also* Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Meanwhile, under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000).

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Here, the Petitioner has filed objections to each of the Magistrate Judge's recommendations, and this Court therefore reviews *de novo* all nine grounds for relief.

**IV. Discussion**

-5-

Case No. 1:07-cv-372
Gwin, J.

*A. Separate Trials Objection (Claim One)*

The Petitioner alleges that he was denied due process of law because the trial court did not grant him a separate trial from his co-defendant despite the fact that "antagonistic defenses were presented." [Doc. 17]. The Respondent argues that the Petitioner's claim is procedurally barred because the Petitioner failed to move for separation in the trial court. [Doc 8-1.]

A federal habeas court may not hear issues that the petitioner could have raised in the state court but failed to do so due to procedural default. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). In deciding whether a petitioner procedurally defaulted a claim, the Court applies four criteria: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Court will excuse procedural default if the petitioner demonstrates good cause for the default and prejudice resulting therefrom. *See Wainwright*, 433 U.S. at 87. The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Here, the Petitioner failed to move for severance before or during trial. [Doc. 8-34 at 16-21.] Ohio Rule of Criminal Procedure 12(C)(5) required him to make such a motion prior to trial. Accordingly, the Eighth District Court of Appeals found that the Petitioner had waived the issue and was barred from raising the severance motion at a subsequent proceeding. [Doc. 8-13 at 3-4.] Res

Case No. 1:07-cv-372
Gwin, J.

judicata is an independent and adequate state ground to preclude federal habeas review because it protects the state's interest in deciding claims with finality at the earliest possible opportunity. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005). In order for the Court to review the merits of this procedurally defaulted claim, therefore, the Petitioner must demonstrate cause and prejudice. The Petitioner has not argued, and this Court does not find, that cause exists to excuse his failure to comply with the state's procedural rules. Accordingly, this objection is dismissed.

*B. Police Officer and Detective Testimony Objections (Claims Two and Three)*

The Petitioner alleges that the trial court violated his Sixth Amendment right to confrontation and denied him a fair trial when Officer McClain and Detective Terrance testified about statements made by the victim, Frederick Ward ("Ward"), identifying the Petitioner as his attacker. [Doc. 17.]

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him . . ." U.S. CONSTIT. Amend. VI . In this case, the victim, Frederick Ward, testified at trial, directly identified the Petitioner as his assailant, and was cross-examined by the Petitioner's counsel. [Docs. 8-37, 8-38.] When a declarant appears at trial and is available for cross-examination, the Confrontation Clause does not limit the use of his prior testimonial statements. *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Because the Petitioner had the full and fair opportunity to cross-examine Ward, his Sixth Amendment claim regarding Officer McClain's and Detective Terrance's testimony will be denied.

The Petitioner further alleges that allowing Detective Terrance to testify about the same information testified to by the victim was prejudicial because the prosecution used the detective's testimony to "vouch" for the accuracy of the victim's statements. [Doc. 17.] The Petitioner also

Case No. 1:07-cv-372
Gwin, J.

argues that the detective's statements are impermissible hearsay under Ohio R. Evid. 801(D)(1)(b).

This Court's power to review state court evidentiary rulings is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006), *cert denied* 127 S. Ct. 589 (internal citation omitted). Unless a habeas petitioner can show that a state court's decision violated a specific constitutional guarantee, or that the evidentiary ruling was so egregious that it foreclosed a fundamentally fair trial, the petition presents no constitutional issue and this Court may not overturn the state court ruling. *See, e.g., McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Here, the detective's testimony was not critical to the case because it merely parroted the testimony of the victim, who was cross-examined at trial. Rather than "vouching" for the truthfulness of the victim's testimony, the detective merely explained standard police procedures for taking witness statements and the procedure she used in this case. [Doc. 8-40 at 469-70].

The Court finds that the admission of the detective's testimony did not impermissibly bolster the victim's testimony or render the trial fundamentally unfair. Accordingly, the claim will be denied.

### D. Separation of Witnesses Order Objection (Claim Four)

The Petitioner also argues that the trial court violated his right to a fair trial when it refused to enforce a separation of witnesses order and exclude the testimony of Marcus Jackson, one of the prosecution's witnesses. Prior to jury selection, the trial court granted the Petitioner's motion for a separation of witnesses under Ohio Rule of Evidence 615(A). [Doc. 8-34 at 15-16.] The record indicates that Jackson entered the courtroom and briefly spoke with the prosecutor during voir dire. [Doc. 8-37 at 247-50.] The Petitioner moved the court to exclude Jackson's testimony for violation of the witness separation order, but the trial court denied the motion, observing that Jackson had only

Case: 1:07-cv-00372-JG Doc #: 18 Filed: 07/29/08 9 of 16. PageID #: 1329

Case No. 1:07-cv-372
Gwin, J.

been present in the courtroom at the end of voir dire and that "nothing of any significance was discussed or said . . ." *Id.* at 249-50.

Here, the Petitioner does not identify what specific constitutional guarantee the court's decision allegedly violated. Moreover, his objection to the trial court's decision regarding Jackson's testimony lacks merit under Ohio R. Evid. 615(A). Under that rule, an exclusion order only requires the witness's absence during other witnesses' testimony. *Id.* The trial court determined that Jackson did not hear any witness testimony and the Petitioner has presented no evidence to the contrary. [Doc. 8-38 at 325-26.] Finally, the Petitioner has not identified any prejudice resulting from Jackson's apparently improper presence in the courtroom. The Court thus denies this claim.

*E. Written Statement and Ineffective Appellate Counsel Objections (Claims Five and Nine)*

The Petitioner claims that the victim testified "in no uncertain terms that he gave a written statement to the police when he was interviewed" and that this statement was never presented at trial. [Doc 17 at 21.] The Petitioner contends that the trial court violated his due process rights when it denied him access to this purported statement and that his appellate lawyer was ineffective for failing to appeal the court's failure to preserve the statement. *Id.* Because the validity of each claim depends on the existence of the alleged statement, this Court considers the claims together.

The record shows that the victim could not clearly remember whether he gave a handwritten statement to the police. [Doc. 8-38 at 320-28.] After the Petitioner's counsel asked to see any such written statement for cross-examination purposes, the court conducted an in camera review of the police officer's file and concluded that there was no written statement. *Id.*

This Court must presume that the trial court's factual findings are correct unless the Petitioner

-9-

Case No. 1:07-cv-372
Gwin, J.

presents "clear and convincing evidence" to the contrary. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Because the record shows that the written statement never existed and the Petitioner has failed to present any evidence to the contrary, this Petitioner's claim fails.

The Petitioner also argues that his appellate counsel was ineffective for failing to appeal the court's failure to preserve the handwritten statement for the appellate record. The benchmark for an ineffective assistance of counsel claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). A claim of ineffective assistance of counsel has two components: a petitioner must show (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficient performance. *Id.* at 687. To show deficiency, a petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To demonstrate prejudice, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court need not address both components of an ineffective assistance of counsel claim if the petitioner makes an insufficient showing of one component. *Id.* at 697.

Here, Petitioner Bryant's counsel was not deficient for failing to appeal the trial court's failure to preserve the alleged written statement. The Ohio Supreme Court has explained that, under Rule 16 of the Ohio Rules of Criminal Procedure, "once the trial court independently determines that a producible out-of-court witness statement exists, attorneys for all parties must be given the opportunity to inspect the statement personally." *State v. Daniels,* 437 N.E.2d 1186, 1188 (Ohio

-10-

Case No. 1:07-cv-372
Gwin, J.

1982). In this case, the trial court properly and independently examined the police officer's files and determined that no out-of-court handwritten witness statement existed. Defense counsel, therefore, was not able, let alone entitled, to examine any such statement because it did not exist. Accordingly, the Petitioner's trial lawyer never objected based on Rule 16 that he was denied an opportunity to participate in the in camera review. This objection would have thus been waived on appeal and the Petitioner's appellate counsel was not deficient for failing to raise the issue. Moreover, the Petitioner has shown no resulting prejudice from counsel's failure to appeal this claim because he can only, at best, vaguely speculate that the victim's alleged written statement may have included exculpatory information.

The Court thus denies the Petitioner's ineffective assistance of appellate counsel claim.

*F. Flight Instruction Objection (Claim Six)*

The Petitioner next claims that the trial court violated his due process rights when it instructed the jury on flight. [Doc. 17.] Where a court considers jury instructions under habeas review, relief is warranted only where the instructions, when taken as a whole, are so infirm that they render the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The challenged instruction must, by itself, infect "the entire trial [such] that the resulting conviction violates due process." *Baze v. Parker*, 371 F.3d 310, 327 (6th Cir. 2004) (internal citations omitted).

Here, the Petitioner seems to allege that the jury instruction on flight violated his right to a presumption of innocence. The instruction would only be invalid, however, if the trial court had imposed a mandatory presumption of guilt upon the jury in relation to the Petitioner's flight from the scene of the crime. *Coe v. Bell*, 161 F.3d 320, 332 (6th Cir. 1998). The Supreme Court has explicitly

Case No. 1:07-cv-372
Gwin, J.

held that permissive inferences, unlike mandatory ones, are not constitutionally problematic. *Francis v. Franklin*, 471 U.S. 307, 313-14 (1985).

> In this case, the trial court instructed the jury, in relevant part, as follows:
>
> [Y]ou are instructed that flight in and of itself *does not raise a presumption of guilt*, but it may show consciousness of guilt or a guilty connection with the crimes. If, therefore, you find that defendant Marvin Bryant and/or defendant Christopher Worley did flee from the scene of the alleged crimes, *you may consider* this circumstance in the case in determining the guilt or innocence of that defendant.

[Doc. 8-42 at 638-39 (emphasis added).]  This instruction is unmistakably permissive and did not impose a mandatory presumption of guilt against the Petitioner.  The claim is therefore denied.

### G. Insufficiency of the Evidence Objection (Claim Seven)

The Petitioner alleges that the trial court violated his right to due process of law by denying his motion for acquittal because the prosecution produced evidence insufficient for a rational trier of fact to have found him guilty of the charges against him.

Due process requires a conviction based on sufficient evidence.  *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982).  Because the Due Process Clause "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt," *Fiore v. White*, 531 U.S. 225, 228-29 (2001), a federal court may review an insufficiency of the evidence claim.  *See, e.g., Geboy v. Brigano,* 489 F.3d 752, 762 (6th Cir. 2007).  In evaluating this claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original).  If the Court so finds, sufficient evidence supports the conviction.  This standard does not permit the Court to make its own subjective

Case No. 1:07-cv-372
Gwin, J.

determination of guilt or innocence. Rather, the standard recognizes the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

In this case, the jury convicted the Petitioner of felonious assault and aggravated robbery. At trial, the victim, Frederick Ward, testified that the Petitioner angrily confronted him, demanding payment for previous construction work, shot him in the leg, and stole thirty dollars from his pockets. [Doc. 8-38 at 296-305.] The Petitioner argues that Ward's testimony is unreliable because he did not make an initial statement to the police identifying the Petitioner as his attacker and because Ward had a motive to lie to avoid paying the debt that he owed to the Petitioner. [Doc. 17.]

The Petitioner's claims attack the quality of the evidence presented by the prosecution. Such an attack, however, is not a valid challenge to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618-19 (6th Cir. 2002). This Court does not reweigh evidence or reevaluate witness credibility. "Determining the weight and credibility of witness testimony . . . has long been held to be the 'part of every case [that] belongs to the jury . . .'" *United States v. Scheffer,* 523 U.S. 303, 313 (1998) (internal quotations omitted). This Court must give "special deference" to state courts in determinations regarding the credibility and demeanor of the parties. *See Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985) (internal citation omitted) The jury apparently found Ward's testimony credible and this Court defers to their judgment. The Petitioner made the arguments about Ward's alleged inconsistencies and motivation to the jury at trial and the jury permissibly rejected the arguments. [Doc. 8-41 at 567-68].

This Court concludes that the evidence presented at trial, particularly Ward's testimony, was

Case No. 1:07-cv-372
Gwin, J.

sufficient to establish all of the elements of felonious assault and aggravated robbery under Ohio law and thus denies the Petitioner's insufficiency of the evidence claim.[3]

*H. Sentencing Factors Objection (Claim Eight)*

The Petitioner asserts that the trial court violated his Sixth and Fourteenth Amendment rights when it sentenced him based on facts not alleged in the indictment nor found by the jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).[4] [Doc. 17.] The Supreme Court's decision in *Blakely*, however, only applies to cases in which the judge imposes a sentence above the statutory maximum. *Blakey*, 542 U.S. at 303. In this case, the jury found the Petitioner guilty of two counts of felonious assault and one count of aggravated robbery, each with firearm specifications. The court sentenced the Petitioner to six year terms for felonious assault and aggravated robbery, respectively first and second degree felonies, and a one year term for having a weapon under disability, a fifth degree felony, all to be served concurrently. The court also imposed a three year sentence for the firearm enhancement, for a total of nine years in prison. [Docs. 8-4, 12-1.]

These sentences are all well below the statutory maximum for each offense under the

---

[3] Ohio law defines felonious assault as: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code. § 2903.11.

The state of Ohio defines aggravated robbery as: "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; (2) Have a dangerous ordnance on or about the offender's person or under the offender's control; (3) Inflict, or attempt to inflict, serious physical harm on another." Ohio Rev. Code. § 2911.01.

[4] The Court notes that it is unclear whether the Petitioner's argument challenges his original sentencing or his resentencing. In any event, because the trial court resentenced the Petitioner under *Foster* to the same sentence as he initially received, this Court's reasoning applies with full force to both sentencing decisions.

Case No. 1:07-cv-372
Gwin, J.

applicable Ohio sentencing statutes and thus *Blakely* does not apply.[5] In sentencing the Petitioner, the trial court considered his criminal history and the danger he posed to the public. The court also expressed its belief that imposing a minimum sentence would demean the seriousness of his offenses. These are all appropriate and reasonable considerations under the Sixth Amendment. *See, e.g., United States v. Smith,* 505 F.3d 463, 469-72 (6th Cir. 2007); *United States v. Leachman,* 309 F.3d 377, 382-83 (6th Cir. 2002). The trial court is entitled to a presumption of reasonableness unless the Petitioner can rebut that presumption with evidence. *Rita v. United States*, 127 S. Ct. 2456, 2462-68 (2007); *United States v. Booker*, 543 U.S. 220, 261-65 (2005). Here, the Petitioner presents no such evidence. Accordingly, the Petitioner's final objection is dismissed.

## V. Conclusion

For the above reasons, the Court **ADOPTS** the Magistrate's Report and Recommendation and **DENIES** Petitioner Bryant's habeas petition. Accordingly, this action is dismissed.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists upon which to issue a certificate of

---

[5] *See* Ohio Rev. Code §2929.14(A)(1) (3-10 years for first degree felonies); §2929.14(A)(2) (2-8 years for second degree felonies); §2929.14(A)(5) (6-12 months for fifth degree felonies); §2929.14(D)(1)(a)(ii) (3 year sentence enhancement for use of a firearm during commission of another felony)

Case No. 1:07-cv-372
Gwin, J.

appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

 IT IS SO ORDERED.


Dated: July 25, 2008           s/ *James S. Gwin*
                   JAMES S. GWIN
                   UNITED STATES DISTRICT JUDGE